UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JERALD GRAHAM; EILEEN D. HINES, A MARRIED COUPLE,<br><br>        Plaintiffs,<br><br>    vs.<br><br>WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A/ CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION TRUST,<br><br>        Defendant. | CIV. NO. 18-00456 LEK-KJM |

## ORDER DISMISSING CASE WITH PREJUDICE

        Pro se Plaintiffs Jerald Graham and Eileen D. Hines ("Plaintiffs") filed their "Complaint (Claim) for Fraud Denial of Rights" ("Complaint") on November 20, 2018. [Dkt. no. 1.] On October 30, 2019, Defendant Wilmington Savings Fund Society, FSB, doing business as Christiana Trust, not individually but as Trustee for Pretium Mortgage Acquisition Trust ("Wilmington"), filed its Motion for Summary Judgment, and the Court issued its Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment on May 20, 2020 ("5/20/20 Order"). [Dkt. nos. 19, 31.] All of Plaintiffs' claims in the Complaint were resolved in the 5/20/20 Order, either by dismissal with prejudice or summary judgment in favor of Wilmington, except for

the portion of Count II alleging a wrongful foreclosure claim. That claim was dismissed without prejudice, and Plaintiffs were allowed to file an amended complaint to try to cure the defects in their wrongful foreclosure claim.  The deadline for Plaintiffs to file their amended complaint was June 10, 2020. [5/20/20 Order at 24-25.]  Plaintiffs were warned that, if they failed to file an amended complaint by June 10, 2020, their wrongful foreclosure claim would be dismissed with prejudice, a final judgment would be entered in favor of Wilmington, and the case would be closed.  [Id. at 24.]

As of the date of this Order, Plaintiffs have not filed an amended complaint.  On June 10, 2020, Plaintiffs filed a document titled "Plaintiffs' Memorandum to the Court's Decision on Defendant's Motion for Summary Judgment" ("Plaintiff's 6/10/20 Memorandum"), and Wilmington filed a response to Plaintiff's 6/10/20 Memorandum on June 12, 2020. [Dkt. nos. 33, 34.]  Plaintiffs appear to argue their deadline to file their amended complaint should be extended for an unspecified amount of time because of an unspecified case pending before the Hawai`i Supreme Court, which they argue "likely will be highly favorable to Plaintiffs' position." [Pltfs.' 6/10/20 Mem. at 5.]

Because Plaintiffs have not filed an amended complaint, nor have they established good cause warranting an

extension of the June 10, 2020 deadline, this Court has the discretion to dismiss the Complaint with prejudice.  See Yourish v. Cal. Amplifier, 191 F.3d 983, 988 (9th Cir. 1999) (holding that the plaintiff's failure to comply with a minute order setting forth the deadline to file the amended complaint gave the district court the discretion to dismiss the case under Fed. R. Civ. P. 41(b)).[1]  After weighing the five dismissal factors set forth in Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011),[2] this Court finds that the public interest in the expeditious resolution of this litigation and this Court's interest in managing the docket strongly outweigh the policy favoring disposition of Plaintiffs' wrongful foreclosure claim on the merits.  Moreover, Wilmington will not be prejudiced by the dismissal with prejudice because: the Court has made

---

[1] Fed. R. Civ. P. 41(b) states, in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

[2] The Ninth Circuit has

> identified five factors that a district court must consider before dismissing a case . . . : (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.

Dreith, 648 F.3d at 788 (citations and quotation marks omitted).

substantive rulings on all of the other claims in this case; the Court has made a preliminary ruling on the merits of Plaintiffs' wrongful foreclosure claim; and allowing Plaintiffs' wrongful foreclosure claim to remain pending under the circumstances of this case would be more prejudicial to Wilmington than dismissal with prejudice.  Further, there are no less drastic alternatives available at this time.

The wrongful foreclosure claim in Plaintiffs' Complaint, which this Court previously dismissed without prejudice, is HEREBY DISMISSED WITH PREJUDICE.  This Court DIRECTS the Clerk's Office to enter final judgment and close the case on **July 1, 2020**, unless Plaintiff files a timely motion for reconsideration of this Order as provided for in the Local Rules of Practice for the United States District Court for the District of Hawaii.  The Clerk's Office is also DIRECTED to enter the final judgment using the district court's standard judgment form.

In light of this Order, the proposed Judgment that Wilmington submitted to the Court on June 12, 2020 is REJECTED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 16, 2020.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

JERALD GRAHAM, ET AL. VS. WILMINGTON SAVINGS FUND SOCIETY, FSB,
D/B/A/ CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR
PRETIUM MORTGAGE ACQUISITION TRUST; CV 18-00456 LEK-KJM; ORDER
DISMISSING CASE WITH PREJUDICE